## McClain et al. v. Swander et al.

[No. 12,306.   Filed May 19, 1925.]

Vendor and Purchaser.—*Complaint by vendees for damages for insufficiency of title demurrable if it does not allege mortgage unpaid.*—A complaint by vendees for damages for breach of a contract of sale calling for an abstract of title showing a good and merchantable title was subject to demurrer when the only breach alleged was that the land purchased was conveyed to the vendees subject to a certain mortgage, but contained no averment that the mortgage had not been paid.

From Vigo Superior Court No. 2; *William T. Gleason,* Judge.

Action by Frank McClain and another against John H. Swander and another.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*   By the court in banc.

*Joseph W. Amis* and *Edward L. Swadener,* for appellants.

*B. V. Marshall* and *Beasley, Douthitt, Crawford & Beasley,* for appellees.

Thompson, J.—Appellants brought this action in the superior court of Vigo county, against appellees to recover damages for breach of a written contract for the sale of real estate, which complaint, omitting the caption, is, in substance, as follows:   That on March 19, 1920, appellants and appellees entered into a written agreement for the sale of certain real estate, in Vigo county, Indiana, in which appellees agreed to convey to appellants said real estate by a sufficient deed of warranty and agreed to furnish an abstract of title for the same, showing a good, merchantable title; that appellants were to pay for said real estate the sum of twenty-three hundred dollars, in monthly installments,

with interest; that appellants fully complied with all parts of said agreement on their part, and paid the balance of the consideration on January 13, 1923, the day on which it was due; that on said date appellees, without the knowledge of appellants, made a deed to appellants subject to a mortgage of $796.22, and had the same recorded, which mortgage is dated subsequent to the written contract; that appellants demanded of appellees that they convey to them said real estate free from said mortgage, which appellees failed and refused to do; wherefore appellants demanded judgment for $796.22 and costs.

To this complaint, the defendants demurred separately, on the grounds that the complaint did not state facts sufficient to constitute a cause of action, and in the memorandum, they assign as one of the reasons that "No facts are alleged to show that said mortgage mentioned in the complaint was unpaid at the time this action was commenced." The court sustained the demurrer. The appellants refused to plead further and the court rendered judgment against them for costs.

The error assigned is the sustaining of the demurrer to the complaint.

A careful reading of the complaint, together with exhibits thereto attached, will disclose that there is no allegation that the mortgage referred to was not paid at the time of the commencement of the action or that it was a lien or encumbrance on the real estate at that time. It, therefore, follows that the court did not err in sustaining the demurrer to the complaint.

We do not deem it necessary to pass on other questions discussed by counsel in their briefs, as they do not affect the ruling on the demurrer.

Judgment affirmed.